**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | |
|---|---|
| THE TOWNSHIP OF LYNDHURST, NEW JERSEY, on behalf of itself and all similarly situated taxing authorities within the State of New Jersey,<br>Plaintiff/Appellant,<br>v.<br>PRICELINE.COM INC; LOWESTFARE.COM; TRAVELWEB LLC; TRAVELOCITY.COM, INC, TRAVELOCITY.COM, LP; SITE59.COM, LLC; EXPEDIA, INC; HOTELS.COM, L.P.; HOTWIRE INC; TRAVELNOW.COM, INC; ORBITZ WORLDWIDE, INC; TRAVELPORT AMERICAS, LLC; TRIP NETWORK, INC (d/b/a CHEAP TICKETS,INC); and ORBITZ, LLC;<br>Defendants/Appellees | Case No. 09-2053<br><br>**MOTION TO CERTIFY QUESTION TO NEW JERSEY SUPREME COURT PURSUANT TO LAR 110.1 and N.J. COURT <u>RULE 2:12A</u>** |

Plaintiff/Appellant The Township Of Lyndhurst, New Jersey hereby moves for certification pursuant to Local Appellate Rule 110.1 and New Jersey Court Rule 2:12A, and in support thereof says:

1. This is a putative class action in which The Township of Lyndhurst seeks to collect unpaid municipal hotel occupancy taxes from Defendants, all of whom are on-line travel websites. Lyndhurst alleges that Defendants have paid municipal hotel occupancy taxes on the wholesale rate that they pay to the hotels, while, under applicable statutes and ordinances, they should have been paying the

taxes based upon the retail rate that they charge to their customers. The District Court dismissed Lyndhurst's claims, holding that it did not have standing to assert them.

2. At oral argument in the above matter on June 10, 2010, the Court requested that Lyndhurst submit a supplemental brief with respect to whether it is the real party in interest under Fed.R.Civ.P. 17 to assert those claims, an issue which had not been previously raised or briefed.

3. As is set forth more fully in the supplemental letter brief, whether a party is a "real party in interest" is determined by whether, under applicable state law, that party has the right to assert the claim at issue. *HB General Corp. v. Manchester Partners*, 95 F.3d 1185, 1198 (3d Cir. 1996); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1544, p. 343-45.

4. While the real-party-in-interest issue was not raised previously, it is closely related to the primary issue in this appeal which has been extensively briefed, *i.e.,* whether Lyndhurst has the authority under applicable New Jersey statutes and case law to sue to collect these taxes.

5. While Lyndhurst relies upon well-settled statutory construction rules and precedent as to the powers of a municipality to sue for debts to support its position that it has authority to sue to collect its unpaid municipal hotel occupancy

taxes, the New Jersey Supreme Court has not decided the precise issue presented here.

6. Local Appellate Rule 110.1 provides:

> When the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the procedures of that court, and will stay the case in this court to await the state court's decision whether to accept the question certified.

7. New Jersey Court Rule 2:12A allows for the certification of dispositive questions of state law. "The Supreme Court may answer a question of law certified to it by the United States Court of Appeals for the Third Circuit, if the answer may be determinative of an issue in litigation pending in the Third Circuit and there is no controlling appellate division, constitutional provision, or statute in this State." R. 2:12A-1.

8. As has been extensively briefed by the parties, the issue of whether Lyndhurst has the authority under New Jersey state law to sue to collect its own municipal hotel occupancy taxes is dispositive of the issues presented in this appeal, both as to the standing issue which was decided by the District Court and the real-party-in-interest issue raised by the Court. If it has that authority, then Lyndhurst has standing and is a real party in interest. If it does not have that authority, then it does not have standing and is not a real party in interest.

9. As a result of the foregoing, we respectfully request that the question of whether Lyndhurst (and other municipality class members) have authority to collect their own municipal hotel property taxes to the New Jersey Supreme Court.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
Attorneys for Plaintiffs/Appellants

By: /s/ James E. Cecchi
JAMES E. CECCHI

Date: June 18, 2010

**CERTIFICATION OF SERVICE**

JAMES E. CECCHI, herby certifies as follows:

1. I am a member of the bar of this Court and am counsel for Plaintiff/Appellant. On June 18, 2010, I electronically filed the within motion via the Court's ECF system, and forwarded via email a copy of the motion to the following counsel for Defendants/Appellees as follows:

Michael R. Griffinger, Esq.
Mellissa C. Fulton, Esq.
GIBBONS
One Gateway Center
Newark, New Jersey 07101
mgriffinger@gibbonslaw.com
mrulton@gibbonslaw.com

Attorneys for Defendants/Appellees
PRICELINE.COM, INC., LOWESTFARE.COM,
TRAVELWEB LLC, TRAVELOCITY.COM, INC.,
SITE59.COM, EXPEDIA, INC., HOTELS.COM L.P.,
HOTWIRE, INC., TRAVELNOW.COM, ORBITZ
WORLDWIDE, INC., TRAVEL AMERICAS LLC,
TRIPNEWORK, INC. d/b/a CHEAP TICKETS, INC.
ORBITZ, LLC, and TRAVELOCITY.COM LP

Randolph K. Herndon, Esq.
Karen L. Valihura, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
One Rodney Square
Wilmington, Deleware 19899
rherndon@skadden.com
karen.valihura@skadden.com

Attorneys for Defendants/Appellees
PRICELINE.COM, INC., LOWESTFARE.COM,
and TRAVELWEB LLC

Brian S. Stagner, Esq.
Scott R. Wiehle, Esq.
KELLY HART & HALLMAN
201 Main Street, Suite 2500
Fort Worth, Texas 76101
brian.stagner@khh.com
scott.wiehle@khh.com

Attorneys for Defendants/Appellees
TRAVELOCITY.COM, INC., SITE59.COM,
and TRAVELOCITY.COM LP

Lazar P. Raynal, Esq.
Jeffrey A. Rossman, Esq.
Michael W. Weaver, Esq.
McDERMOTT, WILL & EMERY
227 West Monroe Street, Suite 5200
Chicago, Illinois 60606
lraynal@mwe.com
jrossman@mwe.com
mweaver@mwe.com

Attorneys for Defendants/Appellees
ORBITZ WORLDWIDE, INC., TRAVEL AMERICAS LLC,
TRIPNEWORK, INC. d/b/a CHEAP TICKETS, INC. and
ORBITZ, LLC,

/s/ James E. Cecchi
JAMES E. CECCHI

Dated: June 18, 2010