**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

THE TOWNSHIP OF LYNDHURST, NEW JERSEY, on behalf of itself and all similarly situated taxing authorities within the State of New Jersey,

Plaintiff-Appellant,

v.

PRICELINE.COM INCORPORATED, *et al.*

Defendants-Appellees.

Case No. 09-2053

**DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO NEW JERSEY SUPREME COURT PURSUANT TO L.A.R. 110.1 AND N.J. COURT RULE 2:12A**

Plaintiff, the Township of Lyndhurst, New Jersey ("Lyndhurst"), filed a Motion to Certify Question to New Jersey Supreme Court (the "Motion") seeking a "second-opinion" as to whether Lyndhurst has standing to file its purported class-action complaint (the "Complaint") against Defendants-Appellees.[1] For at least three reasons, Lyndhurst's Motion should be denied by this Court.

*First*, Lyndhurst is almost a year late in filing its Motion and is therefore barred from moving forward with its untimely Motion.

*Second*, Lyndhurst is simply seeking to forum-shop its lawsuit after the dismissal of its Complaint in the District Court.

*Third*, a controlling statute exists, which is outcome determinative, and therefore, there is no question of law requiring review by the New Jersey Supreme Court.

[1] Defendants-Appellees are priceline.com Incorporated (incorrectly named as Priceline.com, Inc.), Lowestfare.com LLC (improperly named as Lowestfare.com, LLC), Travelweb LLC (improperly named as Travelweb, LLC), Travelocity.com Inc. (incorrectly named as Travelocity.com, Inc.), Travelocity.com LP (incorrectly named as Travelocity.com, LP), site59.com, LLC, Expedia, Inc., Hotels.com, L.P., Hotwire, Inc., TravelNow.com, Inc., Travelport Americas, LLC, Trip Network, Inc. (d/b/a CheapTickets.com) (incorrectly named as Cheap Tickets, Inc.), Orbitz, LLC, and Orbitz Worldwide, Inc.

**PLAINTIFF'S MOTION IS UNTIMELY**

1. "A motion for certification *must* be included in the moving party's brief." 3d Cir. L.A.R. MISC. 110.1 (2008) (emphasis added). Here, Lyndhurst did not file its Motion when it filed its opening brief on July 6, 2009, or when it filed its reply brief on August 19, 2009, or in the ten months before the June 10, 2010 oral argument. Lyndhurst waited almost an entire year, until June 18, 2010, to file its Motion, which is in direct violation of Local Appellate Rule 110.1. For this simple reason alone, the Court should deny the Motion.

2. Moreover, this Court's request for Rule 28(j) supplemental briefing does not provide a valid ground for Lyndhurst to file its Motion. At oral argument, the Court raised the question of whether Lyndhurst lacked the capacity to sue under Rule 17 of the Federal Rules of Civil Procedure. The Court's question and request for supplemental briefing does not trigger any question of law that requires review by the New Jersey Supreme Court. If anything, the Court's question about the applicability of a federal rule demonstrates that this Court is the proper forum and the Court does not require assistance in making the determination of whether Lyndhurst has standing (or capacity to sue).

**PLAINTIFF'S MOTION IS NOTHING MORE THAN IMPROPER FORUM SHOPPING**

3. On June 18, 2008, Lyndhurst filed its Complaint in the United States District Court for the District of New Jersey, on behalf of itself and all other similarly situated New Jersey municipalities, against Defendants-Appellees. In the Complaint, Lyndhurst alleged that Defendants-Appellees are subject to Lyndhurst's Hotel and Motel Room Occupancy Tax ordinance and have failed to remit taxes allegedly due and owed under the ordinance. By filing the Complaint, Lyndhurst asserted that it had a right to collect the tax, administer the ordinance, and thereby enforce the ordinance.

4. On August 19, 2008, Defendants-Appellees moved to dismiss the Complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Relevant here, Defendants argued that the Complaint should be dismissed because Lyndhurst lacked standing to bring the action.[2] On March 18, 2009, the District Court held that Lyndhurst did not have standing to bring the action and dismissed the Complaint with prejudice. On April 9, 2009, Plaintiff filed a Notice of Appeal with this Court. On June 10, 2010, this Court heard oral argument on Lyndhurst's appeal.

5. Following oral argument, Lyndhurst – for the first time in over two years of litigation – improperly requests that a state court determine if Lyndhurst and the purported class members have standing to file the Complaint. (Mot. at 4.) (seeking certification to the New Jersey Supreme Court of whether Lyndhurst and the purported class members "have authority to collect their own municipal hotel property taxes….").

6. The impropriety of the request suggests dissatisfaction by Lyndhurst with the forum it chose – classic forum shopping.

7. Two years ago, Lyndhurst had the choice of forums – federal or state court – to file its lawsuit. Lyndhurst selected federal court, no doubt believing that the District Court was well-equipped to adjudicate the allegations in the Complaint. The fact that the District Court ruled against Lyndhurst does not suddenly make Lyndhurst's standing an issue that requires state court review. Lyndhurst selected the forum and cannot simply disregard its decision to file in federal court in its attempt to ignore the District Court's decision. Lyndhurst's transparent attempt at forum shopping should not be condoned by this Court.

---

[2] In their motion to dismiss, Defendants-Appellees also argued that dismissal is warranted because: (1) the Director of the Division of Taxation, the proper party to bring such an action, had already determined that Defendants-Appellees were not subject to the Hotel Occupancy Tax; (2) even if Lyndhurst had standing, Lyndhurst had failed to pursue the exclusive, mandatory administrative remedies; and (3) Lyndhurst's claims failed as a matter of law.

**NO QUESTION OF LAW EXISTS THAT REQUIRES CERTIFICATION**

8. Even if Lyndhurst's Motion was timely and not an attempt to forum-shop, this Court should still deny the Motion because certification is not necessary.

9. N.J. Court Rule 2:12A-1 provides that:

> **The Supreme Court may answer a question of law** certified to it by the United States Court of Appeals for the Third Circuit, **if the answer may be determinative of an issue in litigation pending in the Third Circuit and there is no controlling** appellate decision, constitutional provision, or **statute in this State**.

(emphasis added).

10. Certification, which is only invoked sparingly, is not necessary because a controlling statute exists.[3] Here, Section 40:48F-1 *et seq*. of the New Jersey Statutes (the "Enabling Act") firmly establishes that only "[t]he Director of the Division of Taxation shall collect and administer any tax imposed pursuant to the provisions of [the Enabling Act]." N.J. Stat. § 40:48F-5(a). As explained in Defendants-Appellees' response brief and the District Court opinion, the Legislature never granted Lyndhurst the power to "collect and administer" the tax – it simply allowed Lyndhurst to *adopt* a Hotel and Motel Room Occupancy Tax. *See* Def. Resp. at 12-29; JA 8-17.

[3] Certification is improper where, as in this case, a statute is clear on its face and controls the question of law pending before the Court. N.J. Court Rule 2:12A-1. Moreover, in the ten years since the adoption of Rule 2:12A, the Third Circuit has sought certification in only six cases, and the New Jersey Supreme Court has only accepted three of those cases for review. James R. Zazzali & Adam N. Subervi, USING RULE 2:12A TO CERTIFY QUESTIONS OF LAW, 195 N.J.L.J. 375 (2009); *see, e.g.*, *Delta Funding Corp. v. Harris*, 185 N.J. 255 (2006) (accepting certification, but reformulating question with respect to unconscionability of arbitration agreement under New Jersey law); *Knoepfler v. Guardian Life Ins. Co. of Am.*, 185 N.J. 612 (2005) (denying, without explanation, petition by Third Circuit to certify question); *Musikoff v. Jay Parrino's The Mint, L.L.C.*, 172 N.J. 133 (2002) (accepting question of law from Third Circuit); *Brennan v. Norton*, 174 N.J. 185 (2002) (denying, without explanation, petition by Third Circuit to certify question); *In re Prof'l Ins. Mgmt v. Ohio Cas. Group of Ins. Cos.*, 169 N.J. 470 (2001) (denying, without explanation, petition by Third Circuit to certify question); *Pittston Co. v. Sedgwick James of N.Y. Inc.*, 165 N.J. 129 (2000) (accepting question of law from Third Circuit).

11. The language in the Enabling Act is unambiguous. This Court therefore should not seek guidance from the New Jersey Supreme Court to determine whether Lyndhurst has standing. *See, e.g., Delta Funding Corp. v. Harris*, 426 F.3d 671, 675 (3d Cir. 2005) (noting that this Court "has consistently refrained from certifying cases to state courts when it could confidently predict how they would decide the issues on appeal."); *Travelers Indem. Co. v. DiBartolo*, 171 F.3d 168, 169 n.1 (3d Cir. 1999) (declining to certify the question at issue to the Pennsylvania Supreme Court because the issue was not sufficiently important or difficult).

12. Because the statute is facially clear, Lyndhurst's remedy is not with the courts (either federal or state), but with the Legislature, if it so chooses, to amend the statutory framework to give it standing and capacity to sue under the Enabling Act.

**CONCLUSION**

13. For the forgoing reasons, Defendants-Appellees request that this Court deny Lyndhurst's Motion to Certify Question to New Jersey Supreme Court.

Dated: June 25, 2010
Newark, New Jersey

GIBBONS P.C.

By: s/ Michael R. Griffinger

Michael R. Griffinger
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
mgriffinger@gibbonslaw.com
Tel: 973-596-4500
Fax: 973-639-6294
***Attorney for Defendants-Appellees***

Of Counsel:

Lazar P. Raynal
Jeffery A. Rossman
Michael W. Weaver
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 372-2000
***Attorneys for Travelport Americas, LLC (f/k/a Cendant Travel Distribution Services Group, Inc.), Trip Network, Inc. (d/b/a Cheaptickets.com), Orbitz, LLC, and Orbitz Worldwide, Inc.***

and

Darrel J. Hieber
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 621-5600

Karen L. Valihura
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899
Telephone: (302) 651-3000
Facsimile: (301) 651-3001
***Attorneys for priceline.com Incorporated, Lowestfare.com LLC (f/k/a Lowestfare.com Incorporated) and Travelweb LLC***

and

James P. Karen
Emmanuel E. Ubinas
**JONES DAY**
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
***Attorneys for Hotels.com, L.P.; Hotels.com GP, LLC; Hotwire, Inc.; Expedia, Inc. and TravelNow.com, Inc.***

and

Brian S. Stagner
Marcus G. Mungioli
**KELLY HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3561
***Attorneys for Defendants Site59.com, LLC, and Travelocity.com, L.P.***

## CERTIFICATE OF SERVICE

I, Michael R. Griffinger, hereby certify that, on June 25, 2010, I caused the **DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO NEW JERSEY SUPREME COURT PURSUANT TO L.A.R. 110.1 AND N.J. COURT RULE 2:12A** to be electronically filed with the Court.

I further certify that, pursuant to Local Appellate Rule 113.4, I have caused **DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO NEW JERSEY SUPREME COURT PURSUANT TO L.A.R. 110.1 AND N.J. COURT RULE 2:12A** to be served upon:

James E. Cecchi
**CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN**
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
*Attorney for Appellant*

James E. Cecchi, a filing user of the Court's electronic case filing system, was caused to be served by the notice of docket activity generated by that system.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Newark, New Jersey
June 25, 2010

By: s/ Michael R. Griffinger
Michael R. Griffinger (Bar No. 21032-1965)
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
mgriffinger@gibbonslaw.com
Tel: 973-596-4500
Fax: 973-639-6294
*Counsel for All Defendants-Appellees*